UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTHONY CAVALCANTE, and J.T. a minor
by her mother and natural guardian
Michele Tartamella

                    Plaintiffs,

     -against-

THE CITY OF NEW YORK; POLICE
OFFICER DUDLEY EWALD, Shield. No.
00327, and POLICE OFFICER DANIEL
GUIDA, Shield No. 373,

                   Defendants.

14 Civ. 3349

**AMENDED COMPLAINT**

---

       Plaintiffs Anthony Cavalcante and J.T., a minor by her mother and natural

guardian Michele Tartamella, by and through their attorneys, Emery Celli Brinckerhoff & Abady

LLP, for their Complaint allege as follows:

## INTRODUCTION

       1.     This is a civil rights action seeking damages for Defendants' violations of

Plaintiffs' rights, privileges, and immunities under the United States Constitution, 42 U.S.C. §

1983, and the New York State common law.  The suit arises from an incident on June 6, 2013,

during which Defendants wrongfully assaulted, falsely arrested, falsely detained, wrongfully

imprisoned, and injured Plaintiffs, two young Brooklyn residents, one of whom attends St.

John's University.  Neither Plaintiff had ever been arrested before the incident complained of in

the instant Complaint.

## THE PARTIES

2.       Plaintiffs are both citizens of the United States and at all relevant times hereto were residents of Brooklyn, New York.

3.       Defendant Police Officer Dudley Ewald, at all times relevant hereto, was a police officer of the New York Police Department ("NYPD") Brooklyn South Narcotics acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.

4.       Defendant Police Detective Daniel Guida, at all times relevant hereto, was a police officer with the NYPD, acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.  Upon information and belief, Defendants were assigned to Brooklyn South Narcotics.

5.       At all times relevant hereto, Officer Ewald and Officer Guida (collectively the "Officer Defendants") were acting under the color of state law.

6.       Defendant City of New York ("the City") is a municipality organized and existing under the laws of the State of New York.  At all times relevant hereto, the City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including those within Brooklyn South Narcotics.  In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD (and regulations of the NYPD patrol guide), and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

**JURISDICTION AND VENUE**

7.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and the New York State common law.

8.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(4), 1367(a), and the doctrine of supplemental jurisdiction.

9.      The acts complained of occurred in the Eastern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

**JURY DEMAND**

10.      Plaintiff demands trial by jury in this action.

**FACTUAL ALLEGATIONS**

11.      On June 6, 2013, Plaintiff Anthony Cavalcante turned 19 years old.  His family planned to go out to dinner that evening to celebrate his birthday together.

12.      At or around 5 p.m., Mr. Cavalcante picked up his friend J.T. from her home on 84th Street in Brooklyn.  He planned to bring her back to his family's home, so that she could join them for dinner that night.

13.      J.T. sat in the front passenger seat.  Mr. Cavalcante drove two blocks, to the corner of 84th Street and 21st Avenue, where he stopped at a red light.

14.      Suddenly, two men—Defendants Ewald and Guida—ran up to both the driver- and passenger-side windows and started pounding on them and shouting.

15.      The men were wearing normal civilian clothes, with no visible badges or markers that identified them as police officers.

16.      Mr. Cavalcante and J.T. were terrified, thinking that the men were trying to steal their car or otherwise hurt them.

17.     One of the two men screamed that he was a police officer.  Mr. Cavalcante, still stopped at the red light and frightened, asked the man to "prove it."

18.     Instead of showing a badge or other evidence to show himself to be a police officer and to assuage Mr. Cavalcante's reasonable fear, Ewald ripped open the car door and attempted to forcibly drag Mr. Cavalcante out of the vehicle.

19.     As Mr. Cavalcante—who still believed the men were trying to rob his car—leaned away from Ewald, Ewald reached into the vehicle and punched him multiple times in the face and head.

20.     J.T. reached over and tried to protect Mr. Cavalcante's head from Ewald's attack. Ewald leaned further into the car and punched her twice to the side of the head.

21.     Defendant Guida ran from the passenger side of the vehicle to the driver's side, and assisted Ewald in dragging Mr. Cavalcante from the vehicle.  Both men punched Mr. Cavalcante repeatedly.

22.     Mr. Cavalcante did not resist.  Believing that the men were going to steal the car, he told J.T. to get out of the car, too.

23.     After pulling him from the vehicle, Ewald and Guida threw Mr. Cavalcante against the car and handcuffed him.  At that point, one of the officers thrust his badge in Mr. Cavalcante's face and said, in sum and substance, "See, asshole?"  This was the first evidence Mr. Cavalcante had received that the men were, in fact, police officers.

24.     The Officer Defendants threw J.T. against the side of the car and handcuffed her as well.

25.     The Officer Defendants asked Plaintiffs if they had anything illegal on their persons or in the car.  Plaintiffs answered in the negative, and Mr. Cavalcante gave the officers

permission to search the car.

26.     The Officer Defendants searched the car.  There was no contraband in the car.

27.     The Officer Defendants also searched both Plaintiffs.  Neither possessed anything illicit.

28.     The Officer Defendants dragged Mr. Cavalcante and J.T. to an unmarked van. Still unsure whether the men were actually police officers, and fearful that they were being kidnapped, J.T. shouted to two children on the street to call the police.

29.     Cavalcante and J.T. were thrown into the van, where they found a handful of other people who had been arrested previously.

30.     Once both Plaintiffs were in the van, the Officer Defendants asked them where they lived.  J.T. responded that she lived two blocks down, on 84th Street.

31.     At that point, Defendant Guida seemed to realize his mistake: The Plaintiffs had not exited a suspected drug house that the Officer Defendants had been monitoring; instead, the Plaintiffs had come from J.T.'s house, a few houses down.

32.     Recognizing their error, Defendant Guida told Plaintiffs, in sum and substance, "If it were up to me, I'd let you go right now," but said that he had to clear it with his supervisor.

33.     After roughly 30 minutes of driving, Plaintiffs were taken to the 60th Precinct. They were placed into separate jail cells.  Neither was given the opportunity to make a phone call.

34.     On information and belief, the Defendants failed to immediately notify J.T.'s parents, even though she was a minor.

35.     Plaintiffs were confined in jail cells for roughly three hours.

36.     Eventually, Plaintiffs' parents arrived, at which point Plaintiffs were released.

37.     Despite committing no crime whatsoever, both Plaintiffs received summons for disorderly conduct charges.

38.     Plaintiffs had to appear in court twice, in September and October of 2013.  On October 23, 2013, after Defendants failed to appear in court, the charges were dismissed. Plaintiffs had to miss school to attend court: J.T. missed two full days of classes, and Mr. Cavalcante missed the first day of his sophomore year of college.

39.     Both Plaintiffs suffered physical injuries.  Mr. Cavalcante had a swollen face, a bump on his head behind his ear, and cuts on the inside of his mouth.  J.T. had a large bruise on the side of her head.  J.T. experienced severe headaches for a week after the incident.  Both Plaintiffs visited a doctor the day after the arrest.  Mr. Cavalcante also visited a dentist to treat any damage to his teeth.

40.     The assault on Plaintiffs by Defendants as far in excess of their rightful authority as New York City police officers.  This assault was made without proper cause.

41.     The assault, false arrest, false imprisonment, and malicious prosecution of Plaintiffs by Defendants caused Plaintiffs to sustain physical pain and suffering and psychological and emotional trauma.

42.     A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – False Arrest**
**(Against Officer Defendants)**

43.     Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

6

44.     The Officer Defendants wrongfully and illegally arrested and detained Plaintiffs, and/or failed to intervene to prevent the Plaintiffs' wrongful arrest and detention, and falsely charged Plaintiffs with disorderly conduct.

45.     The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiffs was carried out without any basis, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

46.     At all relevant times, the Officer Defendants acted forcibly in apprehending and arresting Plaintiffs.

47.     Throughout this period, Plaintiffs were unlawfully, wrongfully, and unjustifiably held under arrest, deprived of their liberty, and falsely charged.

48.     At all times, the unlawful, wrongful, and false arrest of Plaintiffs was without basis and without probable or reasonable cause.

49.     All this occurred without any fault or provocation on the part of Plaintiffs.

50.     The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and all Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

51.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Excessive Force**
**(Against Officer Defendants)**

52.     Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

53.     By using excessive force and assaulting Plaintiffs, and by failing to intervene and preventing other Officers from using excessive force, the Officer Defendants deprived Plaintiffs of their rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

54.     The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers.  Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

55.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 – Malicious Prosecution**
**(Against Officer Defendants)**

56.     Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

57.     The Officer Defendants maliciously commenced criminal proceedings against

8

Plaintiffs. The Officer Defendants charged Plaintiffs with these charges falsely, maliciously, in bad faith, and without probable cause.

58.    After multiple court proceedings, all charges against Plaintiff were terminated in Plaintiffs' favor.

59.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
**Battery**
**(Against All Defendants)**

60.    Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

61.    The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiffs, when they repeatedly punched Plaintiffs with the intention of causing harmful and/or offensive bodily contact to the Plaintiffs and caused such battery, and/or failed to intervene to prevent the other Officer Defendants from doing so.

62.    The Officer Defendants, their officers, agents, servants, and employees were responsible for Plaintiffs' battery.  Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

63.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
**Assault**
**(Against All Defendants)**

9

64.     Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

65.     The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiffs, and/or failed to intervene to prevent the assault of Plaintiffs, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing act(s) which threatened such contact to the Plaintiffs, and that such act(s) caused apprehension of such contact in the Plaintiffs.

66.     The Officer Defendants, their officers, agents, servants, and employees were responsible for the assaults on Plaintiffs.  Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

67.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
### False Arrest
### (Against All Defendants)

68.     Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

69.     The acts and conduct of the Officer Defendants constitute false arrest and false imprisonment under the laws of the State of New York.  The Officer Defendants intended to confine Plaintiffs and/or failed to intervene to prevent the confinement of the Plaintiffs; Officer Defendants, in fact, confined Plaintiffs; and Plaintiffs were conscious of the confinement.  In addition, Plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

70.     The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.  Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

71.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

### SEVENTH CAUSE OF ACTION
### Negligent Hiring, Training, Discipline, and Retention of
### Employment Services
### (Against Defendant City)

72.     Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

73.     The City, through the NYPD, owed a duty of care to Plaintiffs to prevent the physical and mental abuse sustained by Plaintiffs.  Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiffs or to those in a like situation would probably result from this conduct.

74.     Upon information and belief, the Officer Defendants were unfit and incompetent for their positions as police officers.

75.     Upon information and belief, the City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were dangerous.

76.     Upon information and belief, the City's negligence in hiring, training, disciplining, and retaining the Officer Defendants proximately caused Plaintiffs' lasting physical, mental, and emotional injuries.

77.     Upon information and belief, because of the City's negligent hiring, training, discipline, and retention of the aforementioned Officer Defendants, Plaintiffs incurred significant and lasting physical, mental, and emotional injuries.


WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

      a.     Compensatory damages in an amount to be determined at trial;

      b.     Punitive damages against the Officer Defendants in an amount to be determined at trial;

      c.     Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

      d.     Such other and further relief as this Court may deem just and proper.


Dated: New York, New York
      October 14, 2014

          EMERY CELLI BRINCKERHOFF
          & ABADY LLP

          By: _____
               Earl Ward
               Alison Frick

          75 Rockefeller Plaza, 20th Floor
          New York, New York 10019
          (212) 763-5000

          *Attorneys for Plaintiffs*